# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KALEB DRY, | ) |
|         Plaintiff, | ) |
| v. | ) Case No. 15-CV-0422-CVE-TLW |
| EEOCO,[1] | ) |
|         Defendant. | ) |

## OPINION AND ORDER

This matter comes on for consideration of plaintiff's complaint (Dkt. # 1) and motion for leave to proceed in forma pauperis (Dkt. # 2). Plaintiff, proceeding pro se, asserts the following claim against defendant: "Because I shouldnt [sic] have to go through them to sue another company. I feel it violates my rights, by them getting to choose if I can or not." Dkt. # 1, at 2. Plaintiff does not state what relief he seeks. Id.

### A. Motion for Leave to Proceed in Forma Pauperis

Plaintiff has filed a motion for leave to proceed in forma pauperis. Dkt. # 2. The motion is incomplete, as it fails to provide his income and his current financial obligations. See Dkt. # 2, at 1-2. Nevertheless, in reliance upon the representations and information set forth in the motion, the Court finds that the motion should be granted. Plaintiff is entitled to file and maintain this action to conclusion without prepayment of fees and costs.

---

[1] Plaintiff's complaint names defendant as "EEOCO" in its case caption. Dkt. # 1, at 1. However, in two other locations plaintiff refers to defendant as "EEOC." Id. The Court will assume, based on the later references and the substance of plaintiff's claim, that defendant is the Equal Employment Opportunity Commission.

B. Complaint

A district court has the authority to sua sponte dismiss a claim under Fed. R. Civ. P. 12(b)(6) if it is "'patently obvious' that the plaintiff could not prevail on the facts alleged."[2] Andrews v. Heaton, 483 F.3d 1070, 1074 n.2 (10th Cir. 2007); see also McKinney v. State of Okla. Dep't of Human Servs., 925 F.2d 363, 367 (10th Cir. 1991). A complaint fails to state a claim upon which relief may be granted and should be dismissed when it provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). For the purpose of this determination, the Court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, the Court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee

---

[2] Additionally, a district court may dismiss an action filed in forma pauperis if, at any time, the court determines that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Courts apply the same standard for dismissals under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted as for those under Rule 12(b)(6). Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007).

Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

In addition, pro se pleadings must be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520 (1972). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to the plaintiff. Hall, 935 F.2d at 1109; Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). Nevertheless, the Court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. Hall, 935 F.2d at 1110. Moreover, even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil Procedure." Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

Plaintiff appears to argue that the statutes requiring him to exhaust administrative remedies prior to asserting his unknown employment claim in a lawsuit violate his "rights" because they allow defendant "to choose if I can [sue] or not."[3] However, the complaint fails to identify what right or rights are violated by the exhaustion requirement. While the Court could invent some statutory or constitutional basis for plaintiff's claim, that is not the Court's role. Hall, 935 F.2d at 1110 ("At the same time, we do not believe it is the proper function of the district court to assume the role of

---

[3] This allegation reveals a fundamental misunderstanding of defendant's role in employment discrimination claims. While federal statutes do generally require individuals to exhaust administrative remedies, including but not limited to filing a charge with defendant, prior to filing a lawsuit, see 42 U.S.C. § 2000e–5, that requirement does not allow defendant to determine if a particular individual may access the courts. Rather, defendant will review each individual's claim and either file suit on the individual's behalf or issue the individual a "right-to-sue" letter that allows the individual to file suit. See Franceschi v. U.S. Dep't of Vets. Affairs, 514 F.3d 81, 85 (1st Cir. 2008).

3

advocate for the pro se litigant."). Moreover, the complaint contains virtually no facts supporting the claim. As a result, the complaint is so vague and conclusory that the Court cannot discern what claim plaintiff is attempting to allege. For these reasons, the Court finds that it is "patently obvious" that plaintiff cannot succeed on the facts alleged in the complaint, and the complaint is subject to sua sponte dismissal. See McKinney, 925 F.2d at 367.

Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006); Bradley v. Val-Mejias, 379 F.3d 892, 900 (10th Cir. 2004). Leave need not be granted where amendment would be futile. See Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc., 175 F.3d 848, 859 (10th Cir. 1999); Mountain View Pharmacy v. Abbott Lab, 630 F.2d 1383, 1389 (10th Cir. 1980) ("Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted."). Here, plaintiff's complaint is so lacking in allegations that it is subject to dismissal, but additional allegations could be added to bring the complaint within federal pleading standards. Thus, the Court will grant plaintiff until August 13, 2015 to file an amended complaint curing the deficiencies outlined above.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **granted**; plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **dismissed** for failure to state a claim on which relief may be granted.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint no later than **August 13, 2015**.

**DATED** this 30th day of July, 2015.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE